**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**In re:**

| | |
|---|---|
| **SHELTON RICARDO BRAXTON JANICE DELORES BRAXTON,** | |
| | **CHAPTER 13** |
| **Debtors.** | |
| | **CASE NO. 11-71784-FJS** |
| **STATEBRIDGE COMPANY, LLC AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST,** | |
| **Plaintiff/Movant.** | |
| **vs.** | |
| **SHELTON RICARDO BRAXTON JANICE DELORES BRAXTON MICHAEL P. COTTER, TRUSTEE,** | |
| **Defendants.** | |

**ORDER GRANTING**
**MODIFICATION OF STAY**

The Motion of the Plaintiff, Statebridge Company, LLC as servicer for The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust, to amend the automatic stay having been properly served and upon agreement by Counsel,

It appears that Debtors are in possession of a certain real property hereinafter described upon which Plaintiff holds and/ or services a Note secured by a valid Deed of Trust; that the Debtors have agreed to cure the post-petition delinquency and maintain the account in a current status whereby the Plaintiff will be entitled to automatic relief, subsequent to ten (10) days Notice of Default to Debtors and Counsel for Debtors. Should Debtors fail to timely reinstate in accordance with any such Notice of Default, Relief from Stay will be automatic incident to the property located at *3016 Tournament Drive, Chesapeake, VA 23323*, and described as follows:

> All that certain lot, piece or parcel of land, with the buildings and improvements thereon, situate in the Deep Creek Borough of the City of Chesapeake, Virginia, being known, numbered and designated as Lot 1036, as shown on that certain plat of Camelot Section 4-d, duly recorded in the Clerk's Office of the Circuit Court of the City of Chesapeake, Virginia, in Plat Book 58, at Page 11.

D. Carol Sasser, Esquire
Counsel for Plaintiff
Samuel I. White, P.C.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
State Bar #28422
(757) 490-9284

Upon consideration whereof, it is **ORDERED** that relief from the automatic stay be, and it hereby is, presently denied, provided however, that the Debtor(s) comply with the following conditions:

(a) Debtors are to resume making all future regular monthly installment payments in the amount of $969.25, pending further notice from the mortgage company, as they become due commencing December 1, 2011, to include any late charges, if applicable.

(b) Debtors are to cure any arrearage currently due to the Plaintiff for the months of July, 2011 through November, 2011, in the total amount of $5,790.57, which arrears were calculated as follows:

> **Five (5) monthly payments (07/01/2011 – 11/01/2011) @$969.25/month    $4,846.25**
> **Accrued Late Charges                                                  $144.32**
> **Bankruptcy Fees and Costs – Motion for Relief         $800.00**
> **Total                                                                $5,790.57**

1) The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

2) The arrearage amount set forth above is contingent upon the bankruptcy case remaining an active paying case. Notwithstanding the repayment schedule set forth below, in the event the case no longer remains active/open, all arrears payment will immediately due and payable.

3) **The source of the cure payments will be from Debtors' son, Dominique Braxton and will be paid as follows:**

4) Payment in the amount of $482.54 on or before December 15, 2011.

5) Payment in the amount of $482.54 on or before January 15, 2012.

6) Payment in the amount of $482.54 on or before February 15, 2012.

7) Payment in the amount of $482.54 on or before March 15, 2012.

8) Payment in the amount of $482.54 on or before April 15, 2012.

9) Payment in the amount of $482.54 on or before May 15, 2012.

10) Payment in the amount of $482.54 on or before June 15, 2012.

11) Payment in the amount of $482.54 on or before July 15, 2012.

12) Payment in the amount of $482.54 on or before August 15, 2012.

13) Payment in the amount of $482.54 on or before September 15, 2012.

14) Payment in the amount of $482.54 on or before October 15, 2012.

15) Payment in the amount of $482.63 on or before November 15, 2012.

16) All future payments should be forwarded to the following address until further notice:  Statebridge Company, LLC, 4600 S. Syracuse Street, Suite

01-003128-11/cel

700, Denver, CO 80237.

(c) That the Debtors will be deemed post-petition current through the date of the entry of this Order subsequent to all cure payments being made and all post-petition payments as set forth in the order being paid.

(d) In the event of a default in the terms of this Order, Debtors will be responsible for any additional fees incurred incident to the issuance of any notice of default in the amount of $50.00.

(e) To the extent it may be necessary, the automatic stay is modified to permit the secured noteholder and/or servicer for the subject loan to mail the Debtor(s) payment coupons, notice of payment changes, notice of late payments, monthly statements or notice (other than a notice of acceleration), customarily sent to mortgagors in the ordinary course of business.

Should the Debtors fail to satisfy these conditions, the Plaintiff will have relief from stay and may proceed forthwith to enforce it security agreement, subsequent to ten (10) days Notice of Default to Debtors and Counsel for Debtors.  In the event Debtors fail to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required.  In the event relief is granted, foreclosure proceedings may be commenced incident to state law.

Once the Debtors make all of the stipulated payments during the cure period as required in the order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through the date of the entry of the order.

In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Plaintiff.

Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

Should Plaintiff, at its option, accept a non-timely payment, it will not be deemed to have waived its rights pursuant to any other provisions contained within this Order.

In the event of Discharge, Dismissal or Conversion, the re-payment terms contained herein, will no longer be applicable, and the full contractual amount due shall be owing, and relief will be automatic as to the Debtors, with no further Notice, Hearing or Order required.

It is **ORDERED** that the relief granted herein will be binding and enforceable as to the Debtors in the event the case is converted.

It being **FURTHER ORDERED**, pursuant to the requirement of the Chapter 13 Trustee and of the Court, that the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed of trust and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon agreement with the Debtors or upon further order of the Court.

It is further **ORDERED** that the fourteen (14) day stay is hereby waived and the terms of this Order are immediately enforceable.

It is additionally acknowledged that by endorsement of this Order, Counsel for Debtors hereby represents that Debtors have been advised of the terms of the agreement as set forth in this Order.

DATED:

01-003128-11/cel

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

_____

I ask for this:

### /s/ D. Carol Sasser

Samuel I. White, P. C.
D. Carol Sasser, Esquire, VSBN 28422
Robert A. Jones, Esquire, VSBN 71123
Counsel for Statebridge Company, LLC as servicer for The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

Seen and Agreed:

### /s/ Steve C. Taylor

Steve C. Taylor, Esquire
Counsel for Debtors
133 Mount Pleasant Road
Chesapeake, VA 23322

Seen:

### /s/ Warren A. Uthe, Jr, Attorney for

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320
Case#11-71784-FJS

CERTIFICATE

I certify that this proposed Order has been endorsed by all parties involved in this proceeding.

### /s/ D. Carol Sasser

D. Carol Sasser, Esquire

01-003128-11/cel

The Clerk shall mail a copy of the entered Order to the following:

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320

Steve C. Taylor, Esquire
Counsel for Debtors
133 Mount Pleasant Road
Chesapeake, VA 23322

Shelton Ricardo Braxton and Janice Delores Braxton
Debtors
3016 Tournament Drive
Chesapeake, VA 23323

D. Carol Sasser, Esquire
Robert A. Jones, Esquire
Counsel for Statebridge Company, LLC as servicer for The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

01-003128-11/cel